IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA KAY STUFFLEBEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-14-395-M |
| ) | |
| CAROLYN W. COLVIN, acting ) | |
| Commissioner Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner (Commissioner) issued a final decision denying Plaintiff's applications for disability benefits and supplemental security income under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States Chief District Judge Vicki Miles-LaGrange referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court affirm the Commissioner's decision.

**I.     Administrative proceedings.**

In her applications for benefits, Plaintiff alleged that her impairments became disabling on January 1, 2006. AR 184-90, 191-97. The Social

Security Administration (SSA) denied Plaintiff's claims, and her request for reconsideration. *Id.* at 94, 95, 97, 98. An Administrative Law Judge (ALJ) conducted a hearing, during which Plaintiff amended her onset date to June 21, 2009. *Id.* at 74. In his March 2012 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 63. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 5-11, and Plaintiff now seeks review in this Court. Doc. 1.

## II.   Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing the five steps). Under this sequential procedure, Plaintiff bears the initial burden of proving she has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If she succeeds, the ALJ will conduct a

residual functional capacity (RFC)[1] assessment at step four to determine what Plaintiff can still do despite his impairments. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff shows she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

## III. Plaintiff's claims.

Plaintiff contends that the ALJ "fail[ed] to properly discuss the medical evidence of record." Doc. 15, at 4. The undersigned finds no grounds for reversal.

## IV. Analysis.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010).

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

### B. The ALJ's alleged error in discussing the medical evidence of record.

The ALJ found that Plaintiff has severe impairments of "degenerative disc disease of the lumbar spine with chronic pain, mild to moderate chronic obstructive pulmonary disease, personality disorder, and anxiety disorder with panic." AR 51. The ALJ determined that Plaintiff had the RFC to perform a wide range of "medium" work, with only occasional exposure to humidity changes, dust, fumes, or gases, and no more than frequent exposure to extreme temperature changes. *Id.* at 52. The ALJ also noted Plaintiff has "some limitations" "[d]ue to psychologically based factors" and would "perform best in a work environment" with "incidental" contact with the public and co-workers. *Id.*

Plaintiff takes issue with the ALJ's failure to mention various physical impairments. Doc. 15, at 5-6 (listing "decreased cervical and lumbar mobility, cervical and lumbar retrolisthesis, cervical and lumbar muscle spasm, positive straight leg raise testing, consistent observable distress, and mild to moderate lumbar spinal canal stenosis"). She also argues that her "respiratory condition worsened over time," and the ALJ did not address the impact of pulmonary function testing results. She also argues that the ALJ failed to include limitations in concentration, persistence, or pace. *Id.* at 6-7.

The Commissioner correctly points out that some of Plaintiff's cited evidence predates the adjudicative period. Doc. 16, at 13; AR at 318, 400, 411, 433. Some evidence stems from Plaintiff's subjective complaints, and the ALJ found that Plaintiff is "not a particularly credible witness." AR 60 (listing inconsistencies); *see* Doc. 15, at 7 (noting the ALJ's "various findings of malingering"); AR 389, 391, 459, 519. The ALJ reasonably discounted this evidence.

Plaintiff's remaining physical impairments that she alleges the ALJ overlooked involve the mild to moderate lumbar spinal canal stenosis. Doc. 15, at 6 (citing AR 508, 510-11, 539, 548). Regarding Plaintiff's back pain and its treatment, the ALJ found:

> The medical [record] demonstrates that claimant has objective medical evidence of degenerative disc disease of the lumbar spine, as evidenced by CT dated June 20, 2011 demonstrating disc mild disc bulge at L4-5, mild to moderate disc bulges at L3-4 and L2-3 with mild spinal canal stenosis, and slight irregularity of the right LE transverse process. (Exhibit 21F). She has also been noted to have mild scoliosis with approximately five to 10 degrees of angulation, as noted by consultative examiner, Dennis Whitehouse, D.O., on September 7, 2010. However, Dr. Whitehouse noted that claimant had full range of motion of the lumbar spine, although claimant complained of pain. (Exhibit 5F). She has had very little in the way of actual treatment for back pain other than the routine prescribing of pain medication by her primary care providers, although she did present to the emergency room at Pauls Valley Hospital on June 20, 2011 complaining of back pain and decreased urine output after hurting her back lifting 20 pounds "while camping." At that time, claimant listed her only medications as

5

Lortab, and alprazolam (Xanax). (Exhibits 10F, 17F-18F, 21F). It is noted that claimant had old x-ray testing in September 2005 that demonstrated a "minimal" wedging of T12 that was presumably old. It appeared to be unchanged from a July 2002 x-ray film. (Exhibit 15F).

. . . .

Although the claimant is now alleging that she has disabling problems that severely limit her daily activities, there really is no objective evidence to support these allegations. The medical evidence is simply not consistent with an impairment or impairments that might reasonably limit the claimant's activities to the extent now being alleged. Further, other factors weigh against considering these allegations as strong evidence. First of all, allegedly limited activities are difficult to objectively verify with any degree of certainty. Further, even if claimant is now as inactive as she claims, it is difficult to attribute that degree of inactivity to the claimant's medical condition, as opposed to other reasons, in view of the very weak medical evidence, and other factors discussed in this decision. There is no medical evidence of bed sores, muscle atrophy, muscle weakness or wasting, or any other such evidence that the claimant is as inactive as she is now alleging.

Further, claimant has reportedly been much more active than currently alleged. According to statements from claimant's mother, claimant helped care for her dying father for 14 months prior to his death in around September 2010. (Exhibit1E). On June 15, 2010, when she was briefly hospitalized with pneumonia, she indicated that she had been provided "a significant amount of care for her father who was diagnosed with terminal cancer." (Exhibit 16F). On July 26, 2010, she requested that a consultative examination be rescheduled for the beginning of September, as her father had only about two weeks left to live and "They have to be with him 24 hours a day." (Exhibit 12E). She has also reportedly helped care for her two very small grandchildren and reported to a consultative examiner that she babysat the children while their father worked. These self-reported activities are probative that claimant has had much more functional ability

6

> than alleged during the period of time under consideration. She also indicated in her function report that one of her hobbies was camping, but that she was no longer able to do so because of her impairments. Yet she presented to the ER on June 20, 2011 complaining of back pain after lifting 20 pounds "while camping." (Exhibit 21F).

AR 54, 59.

An ALJ is not required to address every piece of evidence. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004). Plaintiff fails to identify any additional functional limitations supported by objective medical evidence. The Commissioner notes that "the ALJ did discuss this evidence, along with evidence that Plaintiff demonstrated generally intact physical functioning during examinations and through her significant activities . . . ." Doc. 16, at 13. Plaintiff does not contest the Commissioner's assertion because she did not exercise her option to file a reply brief in this matter. *See* Doc. 14, at 1. And Plaintiff points to no other evidence that suggests the need for a more restrictive RFC. *See Adams v. Colvin*, 553 F. App'x 811, 814 (10th Cir. 2014) ("The problem with [Plaintiff's] argument [that the ALJ failed to include any limitations related to his impairment] is that the record indicates no functional limitation as a result of [that impairment].").

7

Plaintiff's arguments related to her mental impairments fail for the same reason. As noted, the ALJ found that Plaintiff suffered from "personality disorder, and anxiety disorder with panic." AR 51. The ALJ considered Dr. Danaher's evaluations, which as Plaintiff concedes, are tempered by his finding of a "possibility of [Plaintiff's] malingering." AR 313; Doc. 15, at 7. The ALJ considered Dr. Danaher's observation that such a response, though "fairly common" in such an evaluation, "would be observed in one who is probably exaggerating the frequency and severity of mental health related symptoms." AR 313.

Plaintiff contends the ALJ also ignored evidence of her depression and high levels of anxiety that her August 2009 Drug Court Assessment revealed. Doc. 15, at 7. Though the ALJ did not mention the 2009 Drug Court Assessment, he did find her anxiety disorder with panic to be a severe impairment. And Plaintiff suggests no functional limitations her depression diagnosis requires. *Adams*, 553 F. App'x at 814.

With respect to Dr. Haisam Al-Khouri's August 2010 findings that Plaintiff "appeared irritable and was unable to follow a three-step command or correctly draw the time on a clock," Doc. 15, at 7, the Commissioner notes that Dr. Al-Khouri also "observed that Plaintiff misrepresented her past drug and alcohol abuse and questioned the veracity of her statements during his

examination." Doc. 16, at 9 (citing AR 56, 342). The ALJ's discounting of Plaintiff's complaints based on Dr. Al-Khouri's explicit doubts about her truthfulness reasonably resolved Plaintiff's challenge.[2]

Next, Plaintiff's points to nurse practitioner "[Jeremiah] Walker's consistent findings of an anxious appearance from October 2010 through August 2011 . . . ." Doc. 15, at 7. The ALJ acknowledged Plaintiff's anxiety as a severe impairment, and that she has received a prescription to treat anxiety for many years. AR 51, 52, 57. However, the Commissioner noted that "[n]o acceptable medical source . . . identified limitations beyond those found by the ALJ." Doc. 16, at 11. Plaintiff does not object to this statement.

Finally, Plaintiff contends that, "[l]ike Dr. [R. Keith] Green . . ., the ALJ failed to include any limitations related to [her] admittedly impaired capacity for new learning and impaired attention and pace" "without any explanation of why such limitations were not significant." Doc. 15, at 7. Dr. Green estimated "the severity of [Plaintiff's] impairment of functional psychological capacity for work to be Mild." AR 570. And the Commissioner notes that "the opinions of Dr. Green, Dr. Wainner, Dr. Neeley, Dr. Scott, Dr. Prickett, and Dr. Felkins all support a finding that Plaintiff could do a wide range of medium work with incidental contact with co-workers and the

---

[2] Plaintiff too acknowledges and does not challenge the ALJ's "various findings of malingering." Doc. 15, at 7.

9

general public . . . ." Doc. 16, at 11. Beyond Plaintiff's questioning of Dr. Green's assessment, he fails to dispute the Commissioner's argument on this point.

## V. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the court affirm the Commissioner's decision.

The undersigned advises the parties of their right to object to this report and recommendation by the 30th day of April, 2015, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 10th day of April, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE